## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREIDA GRAFF, et. al., | : |
|                Plaintiffs, | : |
| v. | :    No. 03-cv-1601 |
| COUNTY OF BUCKS et. al., | : |
|               Defendants. | : |

## **MEMORANDUM**

Presently pending before the court is the Motion for Summary Judgment of Defendants County of Bucks, County Commissioners Michael Fitzpatrick, Charles Martin, and Sandra Miller, Gordian Ehrlacher, Lewis Polk, M.D., Joan Crowe, R.N., Harris Gubernick, and Willis Morton (collectively "Defendants") and the responses thereto.

Plaintiffs filed their Amended Complaint in this case pursuant to 42 U.S.C. § 1983 on September 8, 2005 alleging that Defendants violated the First, Eighth and Fourteenth Amendment rights of their deceased husband and father, Mr. William Graff, by being deliberately indifferent to his serious medical needs, providing unsanitary and disease-infested conditions of confinement and instituting and following several policies that proximately caused the death of Mr. Graff.[1] After the close of discovery and an unsuccessful attempt at settlement, Defendants filed the pending Motion for Summary Judgment on April 28, 2006 pursuant to Fed. R. Civ. P. 56 asserting that Plaintiffs' claims fail as a matter of law because Plaintiffs have failed to prove: 1) the individual Defendants were deliberately indifferent to the health and safety of Mr. Graff; 2) Defendant County of Bucks had in place an official policy, practice, or custom that caused a constitutional deprivation to Mr. Graff; 3) Mr. Graff's conditions of confinement and

---

[1] At the time of his death, Mr. Graff was serving thirty (30) days of a minimum twelve (12) month sentence at Bucks County Correctional Facility ("BCCF"), was assigned to G Module, the module claimed by Defendants to be the medical unit at BCCF, and was suffering from cirrhosis of the liver and other serious medical problems.

medical treatment while incarcerated were independently so inadequate as to rise to the level of an Eighth Amendment violation; and 5) Defendants violated Mr. Graff's First and Fourteenth Amendment rights.

Plaintiffs first filed a response to Defendants' Motion for Summary Judgment on May 26, 2006 arguing that Defendants were deliberately indifferent to Mr. Graff's medical needs by failing to provide him with timely medical treatment prior to his death and that Defendants had both written and unwritten policies and practices which directly and proximately caused the death of Mr. Graff.  Plaintiffs also filed "Plaintiffs' Statement of Disputed Facts Precluding Summary Judgment" stating that there exists genuine issues of material fact regarding Mr. Graff's cause of death, time and place of death and several of Defendants' alleged prison policies.  Pursuant to a request from counsel for Defendants, this court heard oral argument on Defendants' pending Motion for Summary Judgment on August 16, 2006.

Fed. R. Civ. P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."  When reviewing the evidence in the record, the evidence of the non-moving party is to be believed and all justifiable inferences are to be drawn in favor of the non-moving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

A principal issue to be resolved by this court is whether Plaintiffs have provided evidence to support their allegations that Defendants were deliberately indifferent to Mr. Graff's medical needs in violation of his Eighth Amendment rights.  In Estelle v. Gamble, 429 U.S. 97 (1976), the United States Supreme Court found that to state a cognizable claim for an Eighth Amendment violation pursuant to 42 U.S.C. § 1983, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.

The Court further stated that a prisoner's claims regarding inadequacy of medical treatment or medical malpractice do not constitute constitutional violations. Id. at 105-6.

Relying on the test for deliberate indifference further defined in the United States Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994), the Third Circuit Court of Appeals, in Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001), stated "[i]n sum, to make out a claim of deliberate indifference based on direct liability . . . , the plaintiffs must meet the test from Farmer v. Brennan: They must show that the defendants knew or were aware of and disregarded an excessive risk to the plaintiff's health or safety, and they can show this by establishing that the risk was obvious." Beers-Capitol, 256 F.3d at 135. Therefore, "to survive summary judgment, [the plaintiff] must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm." Id. at 132; Farmer, 511 U.S. at 846.

Based on Defendants' Motion, the responses filed with this court and the positions advanced by counsel for the parties at oral argument, this court must conclude that Plaintiffs have failed to show there exists any evidence demonstrating any direct involvement of Defendants with the treatment of Mr. Graff or any knowledge of Defendants of any condition of Mr. Graff that required action. Additionally, this court finds that there exists no evidence to demonstrate that any of the Defendants took actions to unlawfully detain Mr. Graff in prison and deny Mr. Graff access to medical care. Although there may exist argument regarding the effectiveness of treatment and medications as is challenged here, this court finds that the evidence shows treatment and medications were made available at Bucks County Correctional Facility ("BCCF") to Mr. Graff. Plaintiffs' claims regarding Defendants' alleged negligence and medical malpractice do not amount to deliberate indifference. Therefore, while there exists

evidence in the record that Mr. Graff suffered pain during the last days of his life, there is no evidence to show that Mr. Graff's death resulted from Defendants' deliberate indifference to his serious medical needs. Indeed, the record discloses medical treatment to Mr. Graff during the course of his various confinements at BCCF.

At oral argument, defense counsel argued that Plaintiffs have failed to meet their high burden of deliberate indifference regarding each individual Defendant. In response, Plaintiffs' counsel only presented to this court evidence to support its contention of Defendant Nurse Crowe's individual liability pointing to deposition testimony of Assistant Warden Lillian Budd and a letter written by Mr. Graff before his death. Drawing all inferences in favor of Plaintiffs, this court concludes that the proposed evidence is inadequate to demonstrate that Defendant Nurse Crowe was deliberately indifferent to Mr. Graff's serious medical needs.[2] Therefore, Plaintiffs have failed to demonstrate that any of Defendants were individually deliberately indifferent to Mr. Graff's medical needs and Plaintiffs' claims regarding this issue must fail as a matter of law.

In their briefs and at oral argument, Plaintiffs contend that Defendants County of Bucks, Michael Fitzpatrick, Charles Martin, Sandra Miller, Gordian Ehrlacher, Harris Gubernick, and Willis Morton violated Mr. Graff's Eighth Amendment rights and were deliberately indifferent to his medical needs by establishing policies and instituting practices that resulted in an overall reduction of medical care at BCCF. Among others, Plaintiffs specifically point to an alleged Beam Back Policy, Pre-Existing Condition Policy, Cost-Containment Policy, Inmate Babysitters Policy and No Mortality and Morbidity Reports Policy as bases for their claims. These

---

[2] Furthermore, the deposition testimony of Assistant Warden Lillian H. Budd taken on November 22, 2005 demonstrates that the information communicated to Defendant Nurse Crowe was that Mr. Graff had been sent "to the hospital that night" for a "contusion" and that there were no "restrictions". Dep. of Lillian Budd, at P. 37-40.

4

Defendants claim that Plaintiffs fail to proffer any evidence in the record to prove that the alleged policies and practices created a known and serious risk of harm to Mr. Graff.

The court in Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001) stated "[f]or the plaintiffs' claims seeking to hold supervisors liable for their deficient policies; Sample's four-part test provides the analytical structure for determining whether the policymakers exhibited deliberate indifference to the plaintiffs' risk of injury, it being simply the deliberate indifference test applied to the specific situation of a policy-maker." Id. at 135.[3] "To hold a municipality liable pursuant to 42 U.S.C. § 1983, a plaintiff must prove that the municipality had in place a policy, practice or custom that caused the deprivation of a constitutional right." See Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). Liability premised on 42 U.S.C. § 1983 cannot be based on a theory of respondeat superior. See Id. at 691-5. A plaintiff must establish that the government policy or custom was the proximate cause of the injuries allegedly sustained by the plaintiff. Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

After hearing extensive argument by Plaintiffs' counsel regarding their allegations of policies deliberately designed to deny medical care, this court must conclude that there exists no evidence to sustain a finding of any policy in place at BCCF to ignore the health needs of Mr. Graff. Plaintiffs have again failed to meet their burden to demonstrate deliberate indifference to a risk of harm to Mr. Graff and therefore cannot support their contention that any alleged policy or practice at BCCF resulted in a violation of Mr. Graff's constitutional rights. The record does

---

[3] "[T]o hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol, 256 F.3d at 134; Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

not contain any evidence of any action of Defendants that rises to the level of an Eighth Amendment violation of Mr. Graff's constitutional rights under an individual liability theory, a supervisor liability theory nor a municipality theory of liability.  Plaintiffs' claim of a failure to provide medical care fails as a matter of law as to all named Defendants, as the record discloses medical care and treatment of Mr. Graff during his confinements at the correctional facility.

In their Amended Complaint, Plaintiffs further claim that the inhumane conditions of confinement at BCCF contributed to the spread of methicillin-resistant *Staphylococcus aureus* ("MRSA") at BCCF.  However, Plaintiffs' counsel conceded at oral argument that they could not prove that Mr. Graff had or contracted MRSA during his confinement at BCCF.  Therefore, Plaintiffs' claims regarding MRSA and inhumane conditions of confinement at BCCF fail as a matter of law as to all named Defendants.

Neither party raised Plaintiffs' First Amendment and Fourteenth Amendment claims at oral argument.  Plaintiffs' First Amendment right to know of the existence of a communicable disease claim must fail as a matter of law because Plaintiffs have not provided this court with any case law to support their claims and all parties have agreed that this case does not involve MRSA, a communicable disease.  Furthermore, Plaintiffs' Fourteenth Amendment claims must fail as a matter of law because this court finds persuasive Defendants' position that Plaintiffs' claims are more properly analyzed under an Eighth Amendment analysis rather than a substantive due process theory.  See County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).  An appropriate Order follows.